UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Clifford T. Johnson, *pro se*,                     Case No. 3:17-cv-2631

          Plaintiff,

   v.                                              MEMORANDUM OPINION
                                           AND ORDER

Gary C. Mohr, et al.,

          Defendants.


## I.    INTRODUCTION

Defendants Gary C. Mohr, John Coleman, Brian Wittrup, Investigator M. Elder, and R.I.B. Chair Lieutenant Bennett, (the "ODRC Defendants"), have filed a motion to dismiss the claims asserted against them by *pro se* Plaintiff Clifford T. Johnson for failing to comply with the applicable statute of limitations or to state a claim upon which relief may be granted. (Doc. No. 8). In response, Jones filed a "motion to proceed with Civil Action," (Doc. No. 10), which the ODRC Defendants treated as a brief in opposition to the motion to dismiss. (Doc. No. 12). After the ODRC Defendants filed a reply brief in support of their motion, Johnson filed a second brief in opposition to the motion to dismiss. (Doc. No. 13). The ODRC Defendants move to strike Johnson's second brief, arguing it is a sur-reply brief and that Johnson did not receive permission to file it. (Doc. No. 17). Johnson did not respond to the motion to strike.

Defendants Shelly Curry, Alissa Rushing, and Neil Turner, each of whom are employed at the North Central Correctional Complex, a privately-operated prison within the Ohio Department of Rehabilitation and Correction (the "ODRC"), (collectively, the "NCCC Defendants"), also move to dismiss Johnson's claims against them for failure to comply with the applicable statute of limitations or to state a claim for relief.[1]  (Doc. No. 19).  Johnson filed a brief in opposition to the NCCC Defendants' motion.  (Doc. No. 20).

Johnson also has filed a motion for the appointment of counsel, (Doc. No. 15), and a motion seeking a declaration of default against Defendants Unit Manager Scimenes and Warden LaRose, of the Northeast Ohio Correctional Center ("NEOCC"), which also is a privately-operated prison within the ODRC.  (Doc. No. 18).

For the reasons stated below, I deny Johnson's motion for counsel and his application for default and dismiss Johnson's claims.

## II.    BACKGROUND

Johnson's allegations begin with the period of time when he was incarcerated at NCCC.  He alleges Curry wrote a conduct report on November 2, 2015, accusing Johnson of violating institutional rules related to entering a staff member's office without permission, selling contraband, and conspiring to commit these and other rule violations.  (Doc. No. 1 at 4).  Prior to his hearing before the Rules Infraction Board ("R.I.B."), Johnson requested video footage from the date in question, sought to obtain the presence of several witnesses to testify on his behalf, and asserted another inmate had confessed to entering the office alone.  (Doc. No. 1 at 6-7).  Johnson claims Rushing arbitrarily denied all of these requests, in violation of his due process rights, and found him guilty of the rule violations following a hearing on December 1, 2015.

---

[1] The NCCC Defendants filed their motion to dismiss after filing an answer to the Complaint, (Doc. No. 9), and therefore I will treat it as a motion for judgment on the pleadings.  Fed. R. Civ. P. 12(c); *Doe v. Sentech Employment Servs., Inc.*, 186 F. Supp. 3d 732, 736 (E.D. Mich. 2016).

Johnson appealed the outcome of his R.I.B. hearing to Warden Turner on January 3, 2016. He asserts Turner ordered his hearing be repeated, but that he never was called for a subsequent hearing. Further, he claims that, on January 11, 2016, Turner upheld the staff decision increasing his security level as a result of his R.I.B. conviction. (Doc. No. 1 at 8-9).

Johnson subsequently filed a lawsuit in this court on April 28, 2017, asserting claims under 42 U.S.C. § 1983 concerning the violation of his constitutional rights. *See Johnson v. Mohr, et al.*, Case No. 3:17-cv-0900 ("*Johnson I*"). At some point between the date on which Turner affirmed Johnson's security level increase and September 13, 2017, Johnson was transferred to the Toledo Correctional Institution ("ToCI"). (Doc. No. 1 at 9-10). Johnson claims Elder wrote a conduct report accusing Johnson of violating various ToCI rules in retaliation for filing *Johnson I*, including attempting to develop a personal relationship with a staff member.

Johnson was found guilty during a R.I.B. hearing before Bennett on September 13, 2017, and Johnson alleges Warden Coleman denied him an opportunity to appeal because Bennett marked "no appeal" on the R.I.B. disposition sheet. (Doc. No. 1 at 10). Johnson claims the ToCI R.I.B. hearing was held after the timeline provided in the Ohio Administrative Code and also that Elder failed to perform a voice analysis of the other person Johnson was speaking with on the phone to determine if it in fact was a ToCI staff member. (Doc. No. 1 at 10-11). He also alleges a variety of due process violations related to the ToCI R.I.B. hearing.

Johnson subsequently was transferred to NEOCC. He claims Wittrup, the "Chief of Classifications of ODRC," contacted Scimenes, Johnson's unit manager at NEOCC, and instructed Scimenes to place Johnson in segregation and to conduct a security review as "retaliation." Johnson claims Scimenes recommended Johnson's security level be raised, and that Warden LaRose approved the increased security level. (Doc. No. 1 at 11).

Johnson then initiated this lawsuit on December 18, 2017. He asserts a variety of constitutional violations and also claims he was denied parole on August 21, 2017, as a result of his NCCC R.I.B. hearing.

### III.   STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Motions for judgment on the pleadings pursuant to Rule 12(c) are subject to the same standard of review as motions to dismiss under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, the court may consider the allegations in the complaint as well as any exhibits attached to the complaint, as long as the complaint refers to the exhibit and the exhibit is central to the claims set forth in the complaint. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### IV.   ANALYSIS

As a general matter, the ODRC Defendants and the NCCC Defendants assert Johnson fails to state a claim for relief, even after taking into account the extra latitude provided to *pro se* filings. *See, e.g., Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (noting *pro se* pleadings must be held to less stringent standards than attorney filings). The Defendants' motions become less clear thereafter. The ODRC Defendants argue they are entitled to qualified immunity because Johnson does not present evidence that any of his constitutional rights were violated. Instead, they claim,

4

Johnson "simply disagreed with the decision of the medical practitioners treating him." (Doc. No. 8 at 5). As Johnson does not allege he received any medical treatment, much less inadequate medical treatment, the relevance of this argument is far from clear.

Next, the ODRC Defendants argue Johnson's claims against them in their official capacities must be dismissed because "the Eleventh Amendment bars . . . claims for monetary relief" against the ODRC Defendants in their official capacities. (Doc. No. 8 at 6). It again is difficult to see the relevance of this argument, as Johnson does not seek monetary damages in his complaint. (Doc. No. 1 at 13).

Both the ODRC Defendants and the NCCC Defendants argue the statute of limitations bars all of Johnson's allegations concerning events which occurred prior to December 18, 2015. (Doc. No. 8 at 8-9; Doc. No. 19 at 5-6). Neither the ODRC Defendants nor the NCCC Defendants acknowledge Johnson alleges Warden Turner ordered his R.I.B. hearing to be repeated in January 2016. (Doc. No. 1 at 8). Nor do these Defendants discuss the impact or relevance of *Johnson I*, which was filed within the two-year limitations period and, more pertinently, asserts the same claims and the same relevant facts.

## A. RES JUDICATA

A pro se prisoner who files multiple cases alleging § 1983 claims may not proceed if those claims are barred by the doctrines of claim preclusion and issue preclusion. *Parker v. Gibbons*, 62 F. App'x 95 (6th Cir. 2003). The claim-preclusion doctrine states that "a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented." *Id.* at 96 (citation omitted). The doctrine of issue preclusion provides that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in

5

subsequent suits based on a different cause of action involving any party to the prior litigation." *Id.* (citing *Montana v. United States*, 440 U.S. 147, 153–54 (1979)).

As I discussed above, on April 28, 2017, Johnson filed *Johnson I*. The case involved § 1983 claims for alleged violations of Johnson's constitutional rights by Mohr, Curry, Rushing, and Turner. (Case No. 3:17-cv-900, Doc. No. 1 at 2-7). Those claims arose from Curry's November 2, 2015 conduct report and the December 1, 2015 R.I.B. hearing. (Id.). I concluded Johnson had failed to state a claim upon which relief could be granted and dismissed *Johnson I* pursuant to 28 U.S.C. § 1915(e). (Case No. 3:17-cv-900; Doc. No. 6). A dismissal based upon the plaintiff's failure to state a claim for relief "operates as an adjudication on the merits for issue and claim preclusion purposes." *Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir. 2001) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir.1986)).

My earlier decision encompassed all of Johnson's claims against the NCCC Defendants, which arise out of his November 2, 2015 conduct report and his December 1, 2015 hearing, including his appeal of the hearing decision to Turner. Johnson did not appeal that decision. Therefore, Johnson's claims against the NCCC Defendants are barred by the doctrine of res judicata.

**B. THE ODRC DEFENDANTS**

As he did in *Johnson I*, Johnson names Mohr as a defendant in this litigation but fails to offer any factual allegations or legal theories as to what Mohr may have done or failed to do. A § 1983 plaintiff must show each defendant's acts or omissions caused the alleged deprivation of his constitutional rights. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Johnson does not make this required showing and therefore I conclude he fails to state a claim for relief against Mohr.

Johnson alleges Elder, Bennett, and Coleman violated his due process rights by writing a conduct report in retaliation for filing *Johnson I*, finding him guilty of the misconduct alleged, and

6

denying him opportunity to appeal. (Doc. No. 1 at 10-11). While retaliating against an inmate for filing a lawsuit against prison officials violates the inmate's constitutional rights, *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (en banc), a plaintiff must do more than "merely [allege] the ultimate fact of retaliation." *Weatherspoon v. Woods*, No. 2:14-CV-142, 2014 WL 4956608, at *3 (W.D. Mich. Oct. 1, 2014) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)); *see also Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).

Johnson offers only the conclusory allegation that Elder, Bennett, and Coleman acted in retaliation. (Doc. No. 1 at 10). He does not allege that those defendants, or any other defendants, knew he had filed *Johnson I*, and he offers no basis for the necessary inference that that case motivated the actions of the ODRC Defendants.

Further, Johnson has no constitutional right to "be free from false accusations of misconduct," or to require that the state follow "all of its procedures." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citation omitted). All that is required is that the R.I.B. decision have "some basis in fact." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456 (1985). Johnson does not allege that there was not a basis to conclude he violated the prohibition against attempting to establish a personal relationship with an employee of a correctional facility, only that the R.I.B. should have done "voice analysis" on the calls before concluding Johnson was speaking to a ToCI employee. (Doc. No. 1 at 11).

Johnson had an opportunity to testify at the R.I.B. hearing, with prior notice of the charges against him, and to challenge the conduct report and the investigator's report at the hearing. (Doc. No. 22-1). He fails to show the Constitution affords him greater protections. *See, e.g., Powell v. Washington,* 720 F. App'x 222, 226 (6th Cir. 2017).

Finally, Johnson claims Wittrup violated his rights by contacting NEOCC and instructing that institution to raise Johnson's security level. An inmate "has no constitutional right to be held in

7

a specific security classification." *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976)). "Even in the absence of a disciplinary conviction, a state may transfer a prisoner to a less desirable facility without implicating the Due Process Clause." *Workman v. Wilkinson*, 23 F. App'x 439, 440 (6th Cir. 2001) (citing *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976)). Johnson fails to allege facts which would support an inference that Wittrup violated his constitutional rights.

### C. JOHNSON'S MOTIONS

Johnson claims he is entitled to an entry of default against the NEOCC Defendants, who have not filed a responsive pleading or motion despite having been served with the complaint. (*See* Doc. No. 7). Johnson is not entitled to the entry of default because his allegations do not establish that the NEOCC Defendants are liable for any violation of his rights.

Section 1915 states that a court "shall" dismiss a case commenced in forma pauperis if the plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Johnson asserts Scimenes and LaRose violated his constitutional rights by raising his security level. As I discussed above, Johnson has no constitutional right to any particular security level. Therefore, he fails to state a claim for relief against the NEOCC Defendants. I deny his application for default, (Doc. No. 18), and dismiss his claims against those Defendants.

Finally, Johnson also seeks the appointment of counsel, (Doc. No. 15), and to proceed with his civil action. (Doc. No. 10). Johnson fails to state a claim for relief against any of the defendants and therefore he is not entitled to counsel to pursue his claims.

### V. CONCLUSION

For the reasons stated above, Johnson's motion to proceed with a civil action, (Doc. No.10), his motion for appointment of counsel, (Doc. No. 15), and his application for entry of default, (Doc. No. 18), are denied. The ODRC Defendants' motion to strike Johnson's brief in opposition,

(Doc. No. 17), is denied.  The ODRC Defendants' motion to dismiss, (Doc. No. 8), and the NCCC Defendants' motion to dismiss, (Doc. No. 19), are granted.  Johnson's claims against the ODRC Defendants and the NEOCC Defendants are dismissed for failure to state a claim for relief, and his claims against the NCCC Defendants are dismissed because they are barred by the doctrine of res judicata.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge